IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Ronald Cosner,          )
    Plaintiff,      )
                        )
v.                      )     1:12cv964 (LMB/JFA)
                        )
Officer Saum, et al.,   )
    Defendants.     )

## MEMORANDUM OPINION AND ORDER

Ronald Cosner, a Virginia inmate proceeding pro se, has filed a civil rights action, pursuant to 42 U.S.C. § 1983, alleging that he suffered cruel and unusual punishment in violation of the Eighth Amendment when his food and water were withheld for a period of twenty-two hours as punishment. On January 2, 2013, defendants filed a Motion to Dismiss for Failure to State a Claim with a supporting memorandum of law, and provided plaintiff with the notice required by Local Rule 7(K) and Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Plaintiff filed an opposing Memorandum under penalty of perjury. By Memorandum Opinion and Order dated January 25, 2013, defendants' motion was denied, without prejudice to their ability to file a properly-supported Motion for Summary Judgment within thirty (30) days. Defendants filed their summary judgment motion on March 19, 2013, along with a supporting Memorandum and exhibits, and again provided plaintiff with the appropriate Roseboro notice. Plaintiff has filed no reply.[1] For the reasons which follow, defendants' Motion for Summary Judgment will be granted, and summary final judgment will be entered in their favor.

---

[1] Plaintiff filed a notice of change of address to Red Onion State Prison on March 12. Dkt. 31. Defendants' Roseboro notice was sent to that address on March 19. Dkt. 35.

1

## I. Facts

The following material facts are undisputed. On August 6, 2012, plaintiff was an inmate of the Virginia Department of Corrections confined in the mental health unit at Powhatan Correctional Center ("PCC"). Toney Aff. ¶ 4. Plaintiff was known by staff to be a self-mutilator. Saum Aff. ¶ 4.[2] At around 4 o'clock that afternoon, Dr. Toney, the medical director at PCC, reviewed plaintiff's chart and saw that plaintiff claimed to have forced pieces of plastic and a V-shaped metal object "deep" into his urethra. Id., ¶ 5. Dr. Toney ordered that plaintiff be transported to MCV Hospital for removal of these items. Id. Plaintiff was escorted from the unit at 5:25 that afternoon, and he returned from the hospital at 1:40 a.m. the following day. Id., ¶¶ 5-6. He was placed on 15-minute checks until he could be evaluated by the mental health director. Newcomer Aff. ¶ 6. Dr. Toney directed that plaintiff be kept in a "dry" cell to determine if his urine was bloody. Saum Aff. ¶ 4. The water to plaintiff's cell accordingly was turned off at 10 a.m. Newcomer Aff. ¶ 7.[3] Later that day, plaintiff was served lunch around noon, Am. Compl. ¶ II, and dinner at 4:40 p.m. Saum Aff. ¶ 4.

That evening, plaintiff and another inmate became disruptive. The other inmate was telling plaintiff how to injure himself so he would be taken to MCV Hospital, and how to sue the Department of Corrections. As they encouraged each other to self-injure they became so

---

[2]The Court notes that plaintiff admitted to swallowing a five-inch shank in another complaint he filed in this district, Cosner v. Dodt, 1:12cv1366 (LMB/TRJ). See Fed. R. Evid. 201 (a court may take judicial notice of its own records and files, whether it is requested to do so or not); Lolavar v. De Santibanes, 430 F.3d 221, 224 n.2 (4th Cir. 2005).

[3]A Water Restriction Sheet is maintained when an inmate is placed on water restriction, and he is offered water every two hours. Jones Aff. ¶ 6. Plaintiff's Water Restriction Sheet reflects that while on water restriction he was offered water at 40 minutes past each odd hour, with the exception of 7:40 a.m. on August 8. Plaintiff accepted water each time except at 5:40 p.m. on August 7. Id., Encl. A.

disruptive that the other offender was placed in four-point restraints. Newcomer Aff. ¶ 8. Officials decided to move plaintiff to another cell to avoid future disruptions, but at 5:35 p.m. plaintiff refused. Id., ¶ 9. Captain Newcomer directed that plaintiff not be offered showers or recreation that evening and that he not receive breakfast the following day until staff moved him to another cell. Id. Captain Newcomer did so out of concern that plaintiff would pick up foreign objects in the showers or on the recreation yard to insert into his urethra. Id. Newcomer did not intend to deny plaintiff food as a punishment; plaintiff had already had his dinner and medication for the evening. Instead, Newcomer wanted to allow plaintiff an opportunity to think over the situation in hopes that he would realize that eventually he would be made to move and would comply peacefully with the cell change, to avoid a cell extraction. Id., ¶ 10.

The following morning, August 8, Officer Saum passed out breakfast trays in plaintiff's unit. He explained to plaintiff that pursuant to Captain Newcomer's orders, plaintiff would not be offered a food tray, recreation or a shower until he complied with the cell change directive. Saum Aff. ¶ 6; Newcomer Aff. ¶ 13. Plaintiff became upset and threw liquid and some toothpaste under his cell door. He also covered his window with paper in violation of institutional rules, and began banging and yelling that we are going to have to send in the helicopter. Saum Aff. ¶ 6. Saum heard a piece of metal drop to the floor, and plaintiff began to use it as a battering ram to hit and crack the cell window, which also caused the paper to come off. Id., Newcomer Aff. ¶ 13. Saum notified the watch commander of plaintiff's behavior, and additional security staff arrived on the ward. Saum Aff. ¶ 7. Plaintiff was not offered water at 7:40 a.m. because his disruptive behavior was ongoing, and security staff were in the process of assembling a cell extraction team. Jones Aff. ¶ 7; see n. 3, supra.

Captain Newcomer spoke with plaintiff and asked him to comply with an order to be

3

restrained, and plaintiff refused. Saum Aff. ¶ 7. With that, Major McCoy assembled the extraction team outside plaintiff's cell door. Plaintiff thereupon agreed to be handcuffed, and he was escorted out of the cell and ambulatory restraints were applied. Major McCoy explained to plaintiff why he was being moved, and plaintiff was relocated to cell 213 in the mental health unit. Saum Aff. ¶ 8. After plaintiff arrived at that cell, Officer Saum called the kitchen to get plaintiff a breakfast tray, and plaintiff was provided with a hot breakfast at 8:08 a.m. Saum Aff. ¶ 9; Newcomer Aff. ¶ 16. Plaintiff voiced no complaints to medical staff that he had been deprived of water or food, and he made no complaints regarding any health problems that typically might be associated with lack of food or water, such as dehydration. Toney Aff. ¶ 12.

## II. Standard of Review

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that summary judgment is appropriate. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). To meet that burden, the moving party must demonstrate that no genuine issues of material fact are present for resolution. Id. at 322. Once the moving party has met its burden to show that it is entitled to judgment as a matter of law, the burden shifts to the non-moving party to point out the specific facts which create disputed factual issues. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Matsushita Electrical Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Those facts which the moving party bears the burden of proving are facts which are material. "Only disputes over facts which might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. An issue of

material fact is genuine when, "the evidence ... create[s] [a] fair doubt; wholly speculative assertions will not suffice." Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985). Thus, summary judgment is appropriate only where no material facts are genuinely disputed and the evidence as a whole could not lead a rational fact finder to rule for the non-moving party. Matsushita, 475 U.S. at 587.

### III. Analysis

To establish a claim for cruel and unusual punishment due to conditions of confinement that violate the Eighth Amendment, a plaintiff must allege facts sufficient to show (1) an objectively serious deprivation of a basic human need, that is, one causing serious physical or emotional injury, and (2) that prison officials were deliberately indifferent to that need. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294, 198 (1991). To meet the first prong, plaintiff must allege facts sufficient to show that the condition complained of was a "sufficiently serious" deprivation of a basic human need. Farmer, 511 U.S. at 834) (citing Wilson, 501 U.S. at 298). Only extreme deprivations will make out an Eighth Amendment claim, and it is plaintiff's burden to allege facts sufficient to show that the risk from the conditions of his confinement was so grave that it violated contemporary notions of decency and resulted in serious or significant physical or emotional injury. Hudson v. McMillian, 503 U.S. 1, 8 (1992); Strickler v. Waters, 989 F.2d 1375, 1379-81 (4th Cir. 1993). To meet the second prong, plaintiff must allege facts sufficient to show that defendants were deliberately indifferent, that is, that they knew of facts from which an inference could be drawn that a "substantial risk of serious harm," was posed to his health and safety, that they drew that inference, and then disregarded the risk posed. Farmer, 511 U.S. at 837.

It requires little discussion to determine that plaintiff in this case has failed to meet these

5

burdens. Indeed, plaintiff's initial claim that he was deprived of food and water as punishment for a prolonged period of time is completely unsubstantiated and thoroughly contradicted by the record. See Scott v. Harris, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.") Defendants have demonstrated that, contrary to plaintiff's allegations, plaintiff received both lunch and dinner on August 7, 2012, as well as a hot breakfast on the morning of August 8. The sole distinction between those occasions and the normal institutional schedule is that plaintiff's breakfast on August 8 was delayed for less than a hour due to his disruptive resistence to being moved to a new cell. Newcomer Aff. ¶ 17. In addition, although Dr. Toney directed that plaintiff be placed on water restriction to check for the possibility of blood in plaintiff's urine, plaintiff was offered water every two hours, with the exception of the period on the morning on August 8 when he was being disruptive. Under these circumstances, plaintiff has failed to demonstrate either that he was deprived of a basic human need or that defendants were deliberately indifferent to his needs, and no Eighth Amendment violation has been shown. Cf. Farmer, 511 U.S. at 834.

### IV. Conclusion

For the foregoing reasons, it is

ORDERED that defendants' Motion for Summary Judgment (Docket # 33) be and is GRANTED.

. To appeal, plaintiff must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. See Fed. R. App. P. 4(a). A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order plaintiff

wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court.

The Clerk is directed to enter final judgment in favor of defendants Officer Saum, Lt. Jones, and Capt. Newcomer, pursuant to Fed. R. Civ. P. 58, to close this civil action, and to send a copy of this Order and the Memorandum Opinion to plaintiff and to counsel of record for defendants.

Entered this 19th day of April 2013.

Alexandria, Virginia

/s/ _____
Leonie M. Brinkema
United States District Judge